LYONS, Justice
(concurring specially).
To the extent that Faye Burgett’s concession discussed in note 3 of the majority opinion[5] acknowledges that the proceeds *602 of the timber sale were never beyond Hattie Williams’s control, notwithstanding the fact that she placed those proceeds in certificates of deposit (“CDs”), I agree with the majority that it is unnecessary to address the legal effect of placing those proceeds in the CDs. On the other hand, if the concession actually acknowledges that Hattie could do a variety of things with the proceeds during her lifetime without challenge from the remaindermen, including putting the proceeds into jointly held CDs, and thereby defeat the interests of the remaindermen, then it is necessary to address the effect of her placing the proceeds from the timber sale in the CDs. I am concerned that the latter interpretation is the more likely one.
If my reading of Burgett’s concession is accurate, I nonetheless concur in the main opinion because her placing the proceeds from the timber sale in the CDs does not defeat the remaindermen’s interest. The CDs name Faye Burgett, Hattie Williams’s daughter, as a coholder with a right of survivorship. It is undisputed that all of the funds in the CDs were contributed by Hattie Williams. Under these circumstances, she retained control of the funds in the CDs pursuant to Alabama’s Uniform Multiple-Person Accounts Act, codified at § 5-24-1 et seq., Ala.Code 1975. Section 5 — 24—11(b) states:
“During the lifetime of all parties, an account belongs to the parties in proportion to the net contribution of each to the sums on deposit, unless there is clear and convincing evidence of a different intent.”[6]
Further, the funds in the CDs could not pass to Burgett as the survivor when Hattie Williams died because, under Lacy Williams’s will, Hattie Williams had the power to dispose of property only during her lifetime; at her death she lost the power to make any such disposition.
SEE, J., concurs.

.Note 3 states: "Burgett concedes that 'the proceeds of the timber sale [belonged to Hat *602 tie Williams] to do with as she saw fit [before her death].’ (Brief of Appellee, at 21-22.)”

. The Comment to § 5-24-11 is instructive in this regard. It states:
"This section reflects the assumption that a person who deposits funds in an account normally does not intend to make [an] irrevocable gift of all or any part of the funds represented by the deposit. Rather, the person usually intends no present change of beneficial ownership. The section permits parties to accounts to be as definite, or as indefinite, as they wish in respect to the matter of how beneficial ownership should be apportioned between them.
"The assumption that no present change of beneficial ownership is intended may be disproved by showing that a gift was intended. ...
"It is important to note that the section is limited to ownership of an account while the parties are alive. Section 5-24-12 prescribes what happens to beneficial ownership on the death of a party.”